UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CARTER,

                    Petitioner,                    Case No. 2:24-cv-12855
                                                   Hon. Brandy R. McMillion

v.

OAKLAND COUNTY CIRCUIT COURT,
ET AL.,

                    Respondents.
_____/

## OPINION AND ORDER SUMMARILY DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1), DENYING CERTIFICATE OF APPEALABILITY, DENYING PERMISSION TO PROCEED ON APPEAL *IN FORMA PAUPERIS*, AND DENYING AS MOOT PETITIONER'S MOTION TO APPOINT COUNSEL (ECF NO. 5)

Federal inmate Dennis Carter filed this petition for writ of habeas corpus under 28 U.S.C. §2241. *See generally* ECF No. 1. Carter asserts entitlement to sentencing credit for an Oakland Circuit Court state sentence that he will be required to serve after he is released from custody on his federal sentence. Because Carter's claim is not cognizable on federal habeas review and he has not exhausted his state court remedies, the petition will be **SUMMARILY DENIED**. The Court will also **DENY** Carter a certificate of appealability and **DENY** permission to appeal *in forma pauperis*. Given this dismissal, Petitioner's Motion to Appoint Counsel (ECF No. 5) is also **DENIED AS MOOT**.

**I.**

Carter asserts in his *pro se* habeas petition that he was incarcerated in the Oakland County Jail from 2018 until 2021 without receiving proper sentencing credits.[1]  ECF No. 1, PageID.4.  Records attached to the petition indicate that on August 18, 2020, Carter was sentenced to a term of 92-months' imprisonment for a federal narcotics conviction in the United States District Court for the Northern District of Ohio.  *Id*. at PageID.21.  Carter was awarded jail credit on his federal sentence from July 3, 2018, to October 19, 2021.  *Id*. at PageID.22.

While serving his federal sentence, on September 20, 2023, Carter pled no contest in the Oakland County Circuit Court to second-degree home invasion and unarmed robbery.  *Id*. at PageID.23.  On December 5, 2023, he was sentenced on those state charges to 7-15 years' imprisonment.  *Id*.  Carter was awarded 778 days of jail credit, and the sentence was ordered to be served concurrently with his federal term.  *Id*. at PageID.23-24.  Records attached to the petition indicate that the State of Michigan has lodged a detainer with the federal Bureau of Prisons relating to Carter's unarmed robbery and second-degree home invasion convictions.  *Id*. at PageID.25.

---

1 In 2020, Carter filed grievances in the Oakland County Jail alleging he was being improperly housed as a federal defendant in a state jail.  *Id*. at PageID.13-19.

2

Carter files this habeas petition claiming that he is entitled to credit on his Oakland County Circuit Court sentence from the date of his 2018 incarceration forward, as he was awarded on his federal sentence. *Id*. at PageID.10-11. Carter asserts that he is scheduled to be released from federal custody on January 27, 2025. *Id*. at PageID.7. However, due to the detainer, he will not be released and will be sent to state custody. Carter argues that "the state sentence should've expired/completed before federal time" and "[i]t's unlawful to do more time than [he] was sentenced to." *Id*. Carter seeks an unconditional release from custody following completion of his federal sentence. *Id*. at PageID.12.

## II.

After a petition for writ of habeas corpus is filed, the Court undertakes a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

District courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). A habeas petitioner

3

"must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The Supreme Court has held that if a detainer has been lodged against a prisoner, as the State of Michigan has done here, the "in custody" jurisdictional requirement is satisfied. *Id.* at 492-94.

## III.

Carter asserts that he is entitled to jail credit on his state sentence for the entire period he was held in the Oakland County Jail. ECF No. 1, PageID.4-7, 9-12. According to Carter, the trial court rejected his sentencing credit claim in a motion that was filed in 2023. ECF No. 1, PageID.3, 7. However, as already indicated, a federal court may only grant a writ of habeas corpus if the petitioner is in custody in violation of his federal constitutional rights. 28 U.S.C. §§ 2241(c)(3) and 2254(a). Alleged violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)). Rather, the right to sentencing credit for time served in jail arises under state law. *See* MICH. COMP. LAWS § 769.11b. Carter's claim to entitlement to sentencing credit therefore derives from state law and not from the federal Constitution. Consequently, Carter's

Petition is subject to summary denial as it does not raise a claim that is cognizable on federal habeas review.

Moreover, the Court notes that Carter has not exhausted his state court remedies. A prisoner challenging his state sentence on federal habeas review is required to first exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)(1); *Davis v. Jenkins,* 115 F.4th 545, 554 (6th Cir. 2024), reconsideration denied, No. 21-3404, 2024 WL 4661855 (6th Cir. Oct. 15, 2024). In order to exhaust a claim, a habeas petitioner must present his claims to the state appellate courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A district court can raise exhaustion on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, it is apparent that Carter has not exhausted his state court remedies. Carter asserts that in 2020, while in the Oakland County Jail, he filed administrative complaints. ECF No. 1, PageID.2-3. These, of course, could not have involved the failure to award him jail credit on his state sentence as he had not yet been sentenced. *See id.* at PageID.13-19. Additionally, Carter asserts that on May 10, 2023, he filed a motion in the Oakland County Circuit Court seeking sentencing credit. *Id.* at PageID.3, 7. He asserts the motion was denied the same day, but he fails to assert that he appealed the decision to either the Michigan Court of Appeals or the

5

Michigan Supreme Court.  Because Carter has failed to fully exhaust his claim in the Michigan appellate courts, his petition is rendered unexhausted and not ripe for federal habeas review.

## IV.

For the reasons stated, Carter's claim is not cognizable on federal habeas review, and he has not exhausted his state court remedies.  Consequently, upon preliminary review, it plainly appears from the face of the petition and the attached exhibits that Carter is not entitled to relief in this Court.

Accordingly, **IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**;

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because Carter fails to make a significant showing of the denial of constitutional right.  *See* 28 U.S.C. § 2253(c)(2).

**IT IS FURTHER ORDERED** that permission to appeal *in forma pauperis* is **DENIED** because any appeal of this Order would be frivolous.  *See* 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that Carter's Motion to Appoint Counsel (ECF No. 5) is **DENIED AS MOOT**.

**This is a final order that closes the case.**

6

**IT IS SO ORDERED.**

Dated: November 21, 2024

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge