**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DENNIS CARTER,

Petitioner,

Case No. 2:24-cv-12855
Hon. Brandy R. McMillion

v.

J. CHRISTIANSEN,[1]

Respondent.
______________________________/

**ORDER CONSTRUING MOTION TO REOPEN AS A SECOND-OR-SUCCESSIVE HABEAS APPLICATION AND TRANSFERRING IT TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Dennis Carter, now a Michigan inmate serving a sentence of seven to fifteen years for his Oakland Circuit Court conviction of home invasion, filed a motion to reopen this closed habeas case. ECF No. 10. Previously, while Carter was a federal inmate, he filed a habeas petition under 28 U.S.C. §2241, asserting that he was entitled to sentencing credit for his state sentence while serving a federal sentence. ECF No. 1, PageID.2. The Court summarily denied the petition because the sentencing-credit claim was not cognizable and because he had not exhausted his state court remedies. ECF No. 6. After the denial of his habeas petition, Carter sought review of his sentencing-credit claim in the state courts. ECF No. 10-1, PageID.87-94, 97, 99. Having exhausted his state court remedies, Carter moves to

[1] The Court substitutes Petitioner's current custodian as the proper Respondent.

reopen this case by filing a new petition raising the same sentencing-credit claim. *Id.* at PageID.68.

Although Carter captions his filing as a motion to reopen, he ultimately seeks adjudication of a substantive claim for habeas relief in an attached proposed petition, rather than correction of a defect in the integrity of the prior federal proceeding. Indeed, Carter does not challenge the Court's prior ruling. The current filing therefore counts as a habeas application in substance. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

Because Carter wishes to file a second habeas petition, the Court must first determine whether it has jurisdiction to consider it. This is because under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, an individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016).

Federal district courts lack jurisdiction to consider successive habeas petitions absent preauthorization from the court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive habeas

petition in the district court without preauthorization, the district court must transfer the case to the court of appeals. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

The question is whether the adjudication of Carter's first petition counts as a prior petition, requiring him to obtain authorization to file his proposed second petition. A substantial hurdle for Carter is that his first petition was summarily denied because it raised a non-cognizable claim and because he had not exhausted his state court remedies. ECF No. 6, PageID.44-46. The prior petition was not denied solely for failure to exhaust state remedies as Carter asserts. The Court independently determined that Carter's sentencing-credit claim was not cognizable on federal habeas review. ECF No. 6, PageID.44-46.

Because the exception for petitions previously dismissed on exhaustion grounds applies only where the prior petition was "unadjudicated on its merits," *Slack v. McDaniel*, 529 U.S. 473, 485–486 (2000), the Court deems it necessary to transfer this matter. The Sixth Circuit has explained that a habeas petitioner does not require authorization if the prior petition "had been denied only for failure to exhaust state remedies," but held that an additional disposition qualifying as "on the merits" (there a procedural default) rendered the later application second or successive. *In re Cook*, 215 F.3d 606, 607-608 (6th Cir. 2000). So too, a petition that is denied because the claim raised in it is not cognizable is deemed a dismissal

on the merits for purposes of the second or successive petition rule. *See e.g., Tong v. United States*, 81 F.4th 1022, 1025 (9th Cir. 2023) (holding that dismissal of an initial § 2255 motion challenging restitution as not cognizable rendered a subsequent motion second or successive).

The Court further notes that Carter does not appear to have exhausted his sentencing-credit claim as a federal one. ECF No. 10-1, PageID.91-92. Nor does it appear that he presents his claim as a federal one in his proposed second petition. *Id*. at PageID.68. Therefore, to the extent Carter simply seeks to relitigate the claim previously held to be not cognizable, § 2244(b)(1) bars its presentation in a second-or-successive application. *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005).

Carter may not proceed directly in this Court on his second or successive habeas petition without first obtaining authorization from the Sixth Circuit because the adjudication of his first petition counts as a prior petition under §2244(b). The Clerk is therefore **DIRECTED** to **TRANSFER** the motion and attached proposed second petition (ECF No. 10) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47.

***This action remains closed.***

**IT IS SO ORDERED**.

Dated: November 3, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Court